■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH GRILLO, Respondent, v ELIZABETH HOLTZMAN, as District Attorney of Kings County, Appellant, et al., Respondents. — In a habeas corpus proceeding, the People appeal from a judgment of the Supreme Court, Kings County (Deeley, J.), dated April 6, 1982, as amended April 16, 1982, which sustained the writ. Judgment, as amended, reversed, on the law, without costs or disbursements, and proceeding dismissed. Petitioner is ordered surrendered to the State of Pennsylvania, pursuant to a warrant issued by the Governor of this State. Based upon a presentment of the County Investigating Grand Jury of the County of Philadelphia, and the testimony of witnesses under oath, petitioner was charged in Pennsylvania with the following crimes: conspiracy (Pa Stat Ann, tit 18, § 903); corrupt organizations (Pa Stat Ann, tit 18, § 911); theft by unlawful taking or disposition (Pa Stat Ann, tit 18, § 3921); theft by deception (Pa Stat Ann, tit 18, § 3922); theft by failure to make proper disposition of funds received (Pa Stat Ann, tit 18, § 3927); and bad checks (Pa Stat Ann, tit 18, § 4105). It is alleged that petitioner, while employed as a branch manager for Citibank in New York, engaged in a "check-kiting" scheme with certain individuals, and a corporation in Pennsylvania. As a result of that scheme, Continental Bank was allegedly defrauded of approximately $35,000, and Citibank was allegedly defrauded of in excess of $146,000. Upon demand of the Governor of Pennsylvania, a warrant was issued by the Governor of this State pursuant to CPL 570.16 authorizing petitioner's extradition to Pennsylvania. Thereafter, petitioner commenced the instant proceeding, alleging that "he has not committed an act in this state or in a third state intentionally resulting in a crime within the State of Pennsylvania". At the hearing on petitioner's application, he admitted that he permitted bad checks to be deposited in Citibank as cash and paid out on uncollected funds. He denied, however, that he did so knowingly and with a larcenous intent. Criminal Term sustained the writ, stating: "The Pennsylvania statutes, or the elements of the Pennsylvania crimes, are not part of the record. There has been no showing by the respondent District Attorney that the 'resulting' crimes in Pennsylvania would have been crimes if their result had occurred in New York * * * The lack of such a showing is fatal to the extradition warrant." Petitioner was not in Pennsylvania at the time the instant crimes were committed. Therefore, he is not a fugitive from justice whose extradition is mandated by section 2 of article IV of the United States Constitution (cf. *Michigan v Doran,* 439 US 282, 290). His extradition is authorized by statute, however. Pursuant to CPL 570.16: "The governor of this state may also surrender, on demand of the executive author-

ity of any other state, any person in this state charged in such other state * * * with committing an act in this state or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, when the acts for which extradition is sought would be punishable by the laws of this state, if the consequence claimed to have resulted therefrom in the demanding state had taken effect in this state". The courts of this State are mandated, pursuant to CPLR 4511 (subd [a]) to "take judicial notice without request of the common law, constitutions and public statutes * * * of every state". Petitioner is charged in Pennsylvania with substantive crimes of theft (Pa Stat Ann, tit 18, §§ 3921, 3922, 3927), passing bad checks (Pa Stat Ann, tit 18, § 4105) and conspiracy to commit those substantive crimes (see Pa Stat Ann, tit 18, § 903). Those acts are punishable in New York (see Penal Law, art 155; §§ 190.95, 105.00). The evidence before the Philadelphia Grand Jury established that petitioner committed those acts knowingly and intentionally. Further, petitioner's own testimony before Criminal Term confirmed that he knew with whom he was dealing, and, therefore, must have known that his acts would result in crimes in Pennsylvania. Thus, the requirements of CPL 570.16 were satisfied (see People v Hinton, 40 NY2d 345, 352-354). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.